1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   MIGUEL ANGEL BARRAGAN,                 No.  1:25-cv-00442-SAB (PC)

12               Plaintiff,                 ORDER DIRECTING CLERK OF COURT
                                            TO RANDOMLY ASSIGN A DISTRICT
13        v.                                JUDGE TO THIS ACTION

14   HERRERA, et al.,                       FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DISMISSAL OF
15                                          ACTION FOR FAILURE TO STATE A
             Defendants.                    COGNIZABLE CLAIM FOR RELIEF
16
                                            (ECF No. 12)
17

18

19
          Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.
20
          Currently before the Court is Plaintiff's first amended complaint, filed June 6, 2025.
21
                                            I.
22
                              SCREENING REQUIREMENT
23
          The Court is required to screen complaints brought by prisoners seeking relief against a
24
   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
25
   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
26
   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]
27
   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);
28

                                            1

1   see also 28 U.S.C. § 1915A(b).

2       A complaint must contain "a short and plain statement of the claim showing that the pleader

3   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6   550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

7   participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

8   2002).

9       Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that

13   each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

14   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

15   unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

16   falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

19       The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the

20   screening requirement under 28 U.S.C. § 1915.

21       The Fresno County Sheriff's Office failed to protect Plaintiff when it failed to properly

22   train and teach its employees.  The Sheriff's Office custody division jail orientation handbook is

23   given to every incarcerated person, and the Sheriff's Office is accountable for its employee's

24   failure to comply with the handbook.

25       On September 25, 2024, Plaintiff was intentionally and deliberately ordered to go into the

26   wrong housing pod by corporal S. Bruton.  S. Bruton had knowledge that the pod housed "active

27   rival gang members."  At that time Plaintiff was documented as a "protective custody/keep

28   separate inmate."  The incident took place after Plaintiff attended a visit and was waiting for the

2

usual escort back to the pod. S. Bruton has personally escorted Plaintiff to and from visiting an ample amount of times with no incident. Upon entrance into the pod, Plaintiff was forced to cause a mass physical altercation to gain the attention of the other officers in hopes to make it out alive and be returned to the right pod. S. Bruton could have checked in with the other floor officers to view of the visiting pod schedule before attempting to escort him to the wrong pod.

Plaintiff reported Bruton's misconduct by filing an inmate grievance which was denied by sergeant P. Haros, lieutenant McCoy, and captain A. Esmay.

On October 22, 2024, sergeant P. Haros was responsible for the investigation and found Plaintiff's grievance was not sustained by falsely omitting statements in his report to justify his recommendation.

On October 23, 2024, lieutenant McCoy as the supervisor responsible for the review and findings agreed with P. Haros's decision without a thorough review.

On October 9, 2024, Bruton stated that she opened the door to B-pod allowing Plaintiff to enter. Staff are aware that contact with an unassigned pod creates potential risk of serious harm to inmates. There is video footage of the incident and pictures of Plaintiff's injuries were taken. Plaintiff suffered injuries to his right eye, left side of head, and pain in his groin. As a result of the incident, Plaintiff suffers from post-traumatic stress disorder, insomnia, and depression.

On November 13, 2024, captain A. Esmay issued the final decision denying Plaintiff's appeal as "unrighteous and void of merit."

### III.

### DISCUSSION

### A.    Fresno County Sheriff's Department

Plaintiff's complaint fails to plausibly state a claim against defendants Fresno County Sheriff's Department. The complaint merely asserts in a conclusory manner that the Fresno County Sheriff's Department failed to protect him by failing to train. (ECF No. 12 at3.) This bald and conclusory statement without any factual specificity is not entitled to the presumption of truth. Iqbal, at 678.

///

"[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." Jessen v. Cnty. of Fresno, 808 F. App'x 432, 434–35 (9th Cir. 2020) (citing Horton by Horton v. City of Santa Maria, 915 F.3d 592, 602–03 (9th Cir. 2019) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  To prevail on a Monell claim against the Fresno County Sheriff Department based on a failure to train theory, Plaintiff "must demonstrate that a municipality's failure to train amounts to deliberate indifference to the rights of persons with whom the untrained employees come into contact." Perez v. City of Fresno, 98 F.4th 919, 931 (9th Cir. 2024) (cleaned up). In this context, deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, "a pattern of similar constitutional violations, rather than proof of a single incident, is necessary to demonstrate deliberate indifference." Perez, 98 F.4th at 931 (cleaned up). However, "single-incident liability may exist in the rare case where 'the unconstitutional consequences of failing to train' are "patently obvious.' " Id. (quoting Connick, 563 U.S. 51, 63-64).

In the amended complaint, Plaintiff alleges without any factual specificity that the Fresno County Sheriff Department "failed to properly train and teach." (ECF No. 12 at 3.)  Beyond these bare, conclusory statements,  the complaint fails to assert any facts establishing the need for more or better training, such that the inadequacy was likely to result in constitutional harm, nor that Defendants' failure to provide additional training in fact resulted in the violation of Plaintiff's constitutional rights.  Without more than Plaintiff's mere conclusory assertion that the Fresno County Sheriff Department "failed to train," falls far short of alleging a cognizable federal claim.

**B.      Failure to Protect**

"A pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must show that the conditions under which that detainee was confined 'put [him] at substantial risk of suffering serious harm.' " Smith v. Washington, 781 F. App'x 595, 597 (9th Cir. 2019) (quoting Castro v. County of Los Angeles, 833 F.3d at 1060, 1071 (9th Cir. 2016))).  Pretrial detainee conditions-of-confinement claims are analyzed using a standard of "objective deliberate

4

1    indifference." Gordon v. County of Orange, 888 F.3d at 1118, 1124 (9th Cir. 2018).

2         A pretrial detainee must therefore show that: (1) a particular defendant made an

3    intentional decision with respect to the conditions under which the pretrial detainee was confined,

4    (2) those conditions put him at substantial risk of suffering serious harm, (3) the defendant did not

5    take reasonable available measures to abate that risk, even though a reasonable officer in similar

6    circumstances would have appreciated the high degree of risk - making the consequences of the

7    defendant's conduct obvious, and (4) by not taking such measures, the defendant caused the

8    detainee's injuries. Gordon, 888 F.3d at 1125; see also Castro, 833 F.3d at 1071.  The Ninth

9    Circuit held in Castro that under the Fourteenth Amendment, failure-to-protect claims, such as

10   prison officials' failure to protect an inmate from violence at the hands of other inmates, brought

11   by pretrial detainees are analyzed under the above discussed objective deliberative indifference

12   standard. Castro, 833 F.3d at 1069, 1071.

13        Here, Plaintiff fails to plausibly allege Defendant Bruton made an intentional decision to

14   place him under conditions of substantial risk of suffering harm or that Defendant Burton had

15   reason to know or should have known that allowing Plaintiff into the Pod with other inmates

16   would pose a substantial risk.  Although Plaintiff contends that Defendant Burton intentionally

17   and deliberately ordered to go into the wrong housing pod, there are no facts from which a

18   plausible inference can be drawn that Bruton knew or should have known that escorting Plaintiff

19   in the pod would place Plaintiff at a substantial risk of suffering serious harm. Plaintiff does not

20   allege any facts to support that Bruton  knew or should have known that Plaintiff was at risk of

21   being attacked by rival gang members.

22        In sum, Plaintiff's allegations of the threat of harm are unsupported and appear purely

23   speculative, and Plaintiff's allegations amount to nothing more than potential negligence. There

24   are no facts showing that any inmate ever made a credible threat against Plaintiff or that any harm

25   ever occurred.  Rather, Plaintiff admits that after being placed in the pod, he created a physical

26   disturbance with other inmates.  Absent any evidence that such a threat existed, Plaintiff cannot

27   hold Defendants liable for deliberate indifference to his safety. See Williams v. Wood, 223 F.

28   App'x 670, 671 (9th Cir.) ("[S]peculative and generalized fears of harm at the hands of other

5

prisoners do not rise to a sufficiently substantial risk of serious harm to his future health." (citing Farmer, 511 U.S. at 843)); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) ("[Deliberate indifference] standard does not require that the guard or official 'believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur.' " (citation omitted)); Johnson v. Hicks, 2014 WL 1577280, at *5 (E.D. Cal. Apr. 17, 2014) (dismissing failure to protect claim because plaintiff's allegations that his attacker was "well known for in-cell violence" were insufficient to show that inmate posed a "particular, present danger" to plaintiff, or that any named defendant was aware of such danger.  Any deliberate indifference to safety claim on this basis therefore fails.

Finally, Plaintiff fails to establish any violation by Defendants sergeant P. Haros, lieutenant McCoy, and captain A. Esmay, who denied Plaintiff's administrative grievances or appeals regarding these matters.  An officer's processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates do not have a separate constitutional entitlement to a specific prison grievance procedure." (citation omitted)); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed Section 1983 claims against defendants who "were only involved in the appeals process"; the defendants could not be held liable under Section 1983 for denying an inmate appeal (citing Ramirez, 334 F.3d at 860)).  Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, the Court finds that Plaintiff has failed to state a cognizable claim for relief under § 1983. Despite being provided with the relevant legal standard applicable to his claims, Plaintiff has been unable to state a claim. Thus, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

1       Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a

2 District Judge to this action.

3       Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure

4 to state a cognizable claim for relief.

5       This Findings and Recommendation will be submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

7 **days** after being served with this Findings and Recommendation, Plaintiff may file written

8 objections with the Court, limited to 15 pages in length, including exhibits.  The document should

9 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

10 advised that failure to file objections within the specified time may result in the waiver of rights

11 on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

12 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14

15 IT IS SO ORDERED.

16 Dated:  **August 26, 2025**  _____

17                      STANLEY A. BOONE
                     United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28